**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS<br>*Plaintiff*<br><br>VERSUS<br><br>M/V ATLANTIC ASPHALT, bearing IMO No. 9798428, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and NAVE SHIPPING SA. and THOME SHIP MANAGEMENT PTE, LTD., *in personam* | CIVIL ACTION NO. 2:26-cv-2611<br><br>**IN ADMIRALTY**,<br>F.R.C.P. 9(h) AND RULE C |

**VERIFIED COMPLAINT**

Plaintiff, The Board of Commissioners of the Port of New Orleans, ("The Board") files this Verified Complaint seeking damages and the *in rem* arrest of the M/V ATLANTIC ASPHALT, IMO No. 9798428, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"); as well as damages for its *in personam* claims against Nave Shipping SA and Thome Ship Management Pte, Ltd.

In support of its Verified Complaint, The Board respectfully avers as follows:

**I.**
**PARTIES**

1. Plaintiff, The Board of Commissioners of the Port of New Orleans, is an independent political subdivision of the state of Louisiana, within the jurisdiction of this Court, with offices located at 1350 Port of New Orleans Place, New Orleans, Louisiana 70130.

2. The M/V ATLANTIC ASPHALT is a Marshall Islands flagged tanker ship, built in 2017, bearing IMO No. 9798428, with a gross tonnage of 14485 m.t. The ATLANTIC ASPHALT is currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

3. This is an action against the ATLANTIC ASPHALT, its engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to enforce The Board's maritime lien over the ATLANTIC ASPHALT.

4. Nave Shipping SA ("Nave Shipping") is a corporation registered in the country of Liberia, and with its principal place of business in Liberia. According to publicly available information, Nave Shipping is the registered owner and ship manager and commercial manager of the ATLANTIC ASPHALT.

5. Thome Ship Management Pte Ltd. ("Thome") is a private limited company organizes under the laws of the country of Singapore, with its principal place of business, on information and belief, in Singapore. According to publicly available information, Thome is the ISM manager of the ATLANTIC ASPHALT responsible for the effective implementation of the "International Safety Management" Code aboard the ATLANTIC ASPHALT.

6. This is also an *in personam* action against Nave Shipping and Thome.

## II.
## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims, based on maritime tort.

8. Venue is proper in this district for the *in rem* claims because the ATLANTIC ASPHALT is located within this district in accordance with Supplemental Rule C(2)(c); and venue is likewise proper for the *in personam* claims pursuant to 28 U.S.C. § 1391(b).

**III.**
**STATEMENT OF FACTS**

9. The Board is the owner and operator of a dock facility along the Mississippi River in New Orleans, Louisiana, including a terminal located at Thalia Street (the "Thalia Street Terminal").

10. On November 13, 2026, at approximately 12:30 p.m., the ATLANTIC ASPHALT allided with a paddlewheel cruise ship, the AMERICAN HERITAGE (Official No. 1257187), while the AMERICAN HERITAGE was docked at the Thalia Street Terminal for disembarkation of passengers ("the Incident").

11. As a result of the ATLANTIC ASPHALT's allision with the AMERICAN HERITAGE and the Incident, The Board's Thalia Street Terminal was significantly damaged. The extent of said damage remains under investigation, but physical damage is currently estimated to exceed $1,000,000.00, with additional substantial direct, indirect and consequential damages anticipated.

12. The allision, Incident and resulting damages were caused through no fault of The Board.

**IV.**
**CAUSES OF ACTION**

*COUNT 1*
*MARITIME LIEN*

13. Paragraphs 1 - 12 are incorporated herein as if set forth in full.

14. In light of the significant damages to The Board's property and business caused by and relating to or arising out of the Incident, The Board has a maritime lien against the ATLANTIC ASPHALT *in rem*.

15. Further, as a result of the Incident, The Board has incurred and will continue to

incur additional damages and expenses including but not limited to clean-up, surveys, repair, replacement and salvage costs resulting in a maritime lien against the ATLANTIC ASPHALT *in rem*.

16. The Board has the right to enforce its maritime lien against the ATLANTIC ASPHALT to recover for all damages sustained, and that The Board continues to sustain, and that the Board may incur in any way arising out of or relating to the Incident, and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

*COUNT II*
*NEGLIGENCE*

17. Paragraphs 1-16 are incorporated herein as if set forth in full.

18. The ATLANTIC ASPHALT, Nave Shipping and Thome (and potentially other parties not yet identified with responsibility for the operation, condition, crewing and seaworthiness of the ATLANTIC ASPHALT) owed The Board a legal duty under the General Maritime Law to observe the standard of good and prudent seamanship and to exercise reasonable care to avoid the allision and the Incident.

19. The ATLANTIC ASPHALT, Nave Shipping and Thome also had a statutory duty to comply with (*inter alia*) the Inland Navigation Rules (33 C.F.R. 83.01 *et seq*.). *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions, as well as other violations of statutory safety or navigational rules (to be determined as investigation continues) caused (and presumptively caused pursuant to the *Pennsylvania* Rule), the ATLANTIC ASPHALT to allide with the AMERICAN HERITAGE and subsequently damage The Board's Thalia Street Terminal.

20. A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the ATLANTIC ASPHALT struck the AMERICAN HERITAGE in her moorings, and in turn stationary property owned by The Board.

21. The allision occurred as a result of the negligence, gross negligence, fault or carelessness of the ATLANTIC ASPHALT, Nave Shipping, Thome (and potentially other parties not yet identified with responsibility for the operation, condition, crewing and seaworthiness of the ATLANTIC ASPHALT) and/or their principals, agents and/or employees, and/or the unseaworthiness of the ATLANTIC ASPHALT, which was within the privity and knowledge of Nave Shipping, Thome its principals, agents and/or employees.

22. As a result of the foregoing, the ATLANTIC ASPHALT, Nave Shipping, Thome (and potentially other parties not yet identified with responsibility for the operation, condition, crewing and seaworthiness of the ATLANTIC ASPHALT) are solidarily liable for all damages sustained by The Board as described herein.

23. The Board did not cause the allision and/or the damages suffered therefrom.

*COUNT III*
*NOTICE*

24. Paragraphs 1- 23 are incorporated herein as if set forth in full.

25. Pursuant to the United States Code and the Local Rules of this Court, notice of these proceedings must be given to the owner or master of the ATLANTIC ASPHALT and all persons who have recorded lien(s) with the U.S. Coast Guard, and The Board requests that the Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

26. A Declaration by The Board's authorized representative verifying the facts of this

Complaint is attached as Exhibit 1.

27. The Board agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the ATLANTIC ASPHALT.

28. The Board reserves all rights to amend this Verified Complaint to add additional parties, and/or claims and causes of action, and/or categories and amounts of damages as the investigation of the Incident proceeds and as additional items or categories of damages are identified.

**PRAYER**

**WHEREFORE**, Plaintiff, The Board of Commissioners of the Port of New Orleans, respectfully requests:

a. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the M/V ATLANTIC ASPHALT, IMO No. 9798428, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATLANTIC ASPHALT, IMO No. 9798428, be seized and sold to satisfy the amounts owed to The Board of Commissioners of the Port of New Orleans, as set forth herein;

b. That this Court issue a final judgment *in rem* against the M/V ATLANTIC ASPHALT, IMO No. 9798428and *in personam* against Nave Shipping SA and

Thome Ship Management PTE, Ltd. in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

c. That notice of these proceedings be given to the master of the M/V ATLANTIC ASPHALT; and

d. That this Court grant The Board of Commissioners of the Port of New Orleans such other and further relief which it may deem just and proper.

Dated: November 13, 2026.

Respectfully submitted,

*/s/ Christopher M. Hannan*

CHRISTOPHER M. HANNAN (La. Bar No. 31765)
SARA B. KUEBEL (La. Bar No. 38305)
ABIGAIL J. WEILAND (La. Bar No. 40543)
JONES WALKER, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8353
Facsimile: (504) 589-8353
Email: channan@joneswalker.com
skuebel@joneswalker.com
aweiland@joneswalker.com

***Attorneys for Plaintiff, The Board of Commissioners of the Port of New Orleans***