**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS<br>*Plaintiff*<br><br>VERSUS<br><br>M/V ATLANTIC ASPHALT, bearing IMO No. 9798428, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and NAVE SHIPPING SA. and Thome Ship Management PTE, Ltd., *in personam* | CIVIL ACTION NO. 2:26-cv-2611<br><br>**IN ADMIRALTY**,<br>F.R.C.P. 9(h) AND RULE C |

**_EX PARTE_ MOTION FOR ISSUANCE OF**
**ORDER AND WARRANT OF ARREST OF A VESSEL**

Plaintiff, The Board of Commissioners of the Port of New Orleans ("Plaintiff"), through undersigned counsel, hereby requests, in accordance with Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule C") of the Federal Rules of Civil Procedure, that this Honorable Court review its Verified Complaint and supporting papers filed herein, and authorize the issuance of a warrant by the Clerk of the United States District Court for the Eastern District of Louisiana to arrest the vessel M/V ATLANTIC ASPHALT, bearing IMO No. 9798428, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, which is currently located within the jurisdiction of this Honorable Court, as soon as practicable, and to detain the same in custody until further Order of this Court. In support thereof, Plaintiff states as follows:

1. Plaintiff has commenced suit in this matter as set forth in Plaintiff's Verified Original Complaint filed contemporaneously herewith and incorporated herein as if set forth in *extenso*.

2. The Board is the owner and operator of a dock facility along the Mississippi River in New Orleans, Louisiana, including a terminal located at Thalia Street (the "Thalia Street Terminal").

3. The M/V ATLANTIC ASPHALT is a Marshall Islands flagged tanker ship, built in 2017, bearing IMO No. 9798428, with a gross tonnage of 14485 m.t. The ATLANTIC ASPHALT is currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

4. Nave Shipping SA ("Nave Shipping") is a corporation registered in the country of Liberia, and with its principal place of business in Liberia. According to publicly available information, Nave Shipping is the registered owner of the ATLANTIC ASPHALT.

5. Thome Ship Management Pte Ltd. ("Thome") is a private limited company organized under the laws of the country of Singapore, with its principal place of business, on information and belief, in Singapore. According to publicly available information, Thome is the ISM Manager of the ATLANTIC ASPHALT responsible for the effective implementation of the "International Safety Management" Code aboard the ATLANTIC ASPHALT.

6. On November 13, 2026, at approximately 12:30 p.m., the ATLANTIC ASPHALT allied with a paddlewheel cruise ship, the AMERICAN HERITAGE (Official No. 1257187), while the AMERICAN HERITAGE was docked at the Thalia Street Terminal for disembarkation of passengers (hereinafter "the Incident").

7. As a direct and proximate result of the negligence, fault, and actions of the ATLANTIC ASPHALT, Nave Shipping, and Thome, Plaintiff has suffered and will continue to suffer significant damages, including, but not limited to, reasonable and necessary costs and expenses for surveys, inspections, repairs and/or replacement of the Thalia Street Terminal and

its attendant structures, lost production, business interruption, potential lost revenues in the future as a result of downtime, and other incidental and related expenses including, but not limited to, survey expenses, overheard costs, and all other damages established at the trial of this matter. As best as presently can be determined, these damages equal or exceed the amount of $1,000,000.00, plus interest, costs and attorneys' fees.

8. As set forth in Plaintiff's Verified Complaint, Plaintiff claims a valid maritime lien under U.S. general maritime law against the M/V ATLANTIC ASPHALT (hereinafter "the Vessel") for property damages arising out of the Incident. Specifically, it is well-settled that maritime law recognizes a maritime lien for damages caused by a vessel in an allision or collision. *See The China*, 74 U.S. 53, 69, 19 L. Ed. 67 (1868); *El Paso Prod. Gom, Inc. v. Smith*, No. 04-2121, 2009 U.S. Dist. LEXIS 91482, at *10 (E.D. La. Apr. 30, 2009).

9. Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure provides that an action *in rem* may be brought to enforce a maritime lien. SUPP. R. C FOR CERTAIN ADMIRALTY AND MAR. CLAIMS ("Rule C"). Furthermore, under Rule C, a vessel may be arrested to enforce the maritime lien in the *in rem* proceeding. The *in rem* claim against the vessel is a separate claim from the *in personam* claim against the vessel's owner and under the admiralty law of the United States *in personam* and *in rem* actions may arise from the same claim. *Belcher Co. v. M/V Maratha Mariner*, 724 F.2d 1161, 1163 (5th Cir. 1984). A maritime lien is a security device for a debt or claim that arises by operation of law and it grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the proceeds. *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986).

10. Because Plaintiff possesses a valid maritime lien under U.S. general maritime against the Vessel, Plaintiff may properly arrest the Vessel as security for its claims and to

proceed *in rem* against the offending Vessel. *Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983 (5th Cir. 1992); *Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla*, 966 F.2d 613 (11th Cir. 1992).

11. Upon information and belief, the Vessel is currently within this District and within the jurisdiction of this Honorable Court during the pendency of this action. Specifically, according to publicly available vessel tracking data and news sites, the Vessel is currently located at the Port of New Orleans as of the filing of this Motion. According to that publicly available data, the Vessel is located at the Thalia Street Terminal, 1350 Port of New Orleans Place.

12. In accordance with Rule C and to perfect its lien against the Vessel, it is necessary and hereby requested that the Court issue an Order to Arrest the Vessel. A proposed Order has been attached hereto, as well as a Warrant to Arrest a Vessel, to be issued by the Clerk of this Court. Plaintiff will provide such necessary information and forms to the United States Marshal for the seizure of the Vessel. Plaintiff has already been in contact with the U.S. Marshal Service.

13. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the Vessel.

14. Plaintiff agrees to procure a substitute custodian and pay for services rendered.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court issue the Order to Arrest a Vessel and that the Warrant to Arrest a Vessel as attached hereto be issued, and for such other and further relief both in law and equity as Plaintiff may be entitled.

Submitted: November 13, 2026

Respectfully submitted,

*/s/ Sara B. Kuebel*

CHRISTOPHER M. HANNAN (La. Bar No. 31765)
SARA B. KUEBEL (La. Bar No. 38305)
ABIGAIL J. WEILAND (La. Bar No. 40543)
JONES WALKER, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8353
Facsimile: (504) 589-8353
Email: channan@joneswalker.com
skuebel@joneswalker.com
aweiland@joneswalker.com

***Attorneys for Plaintiff, The Board of Commissioners of the Port of New Orleans***